UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SYLVIA MARIE LONGMIRE,
an individual,

      Plaintiff,

                                  CASE NO:  3:19-CV-933

vs.

MARRIOTT INTERNATIONAL, INC.

      Defendant.

_____/

## COMPLAINT

Plaintiff, Sylvia Marie Longmire ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues MARRIOTT INTERNATIONAL, INC., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.     Venue is proper in this Court, the Middle District of Florida, pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Middle District of Florida.

3.     Plaintiff, Sylvia Marie Longmire (hereinafter referred to as "Longmire") is a resident of Sanford, Florida and is a qualified individual with a disability under the ADA.  Longmire has what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she has multiple sclerosis and requires the use of a wheelchair for mobility.

4.     Prior to filing suit, Longmire who is a travel agent and the sole proprietor of a travel agency specializing in wheelchair accessible vacations, visited the Defendant's website at issue in this matter, to wit: https://residence-inn.marriott.com, and was denied equal access to Defendant's goods, services and lodging due to its lack of compliance with the ADA.

5.     Specifically, Longmire made reservations on https://residence-inn.marriott.com in June of 2019 at a Residence Inn in Amelia Island in Nassau County, Florida, for a wheelchair accessible guest room.  Upon arriving at the property, she was told that no wheelchair accessible guest room was available and

that she was not guaranteed a wheelchair accessible room unless she telephoned to confirm the internet reservation.

6.     Subsequently, when reserving a room at a Residence Inn in Minneapolis from her home in Sanford, Florida,  on July 29, 2019, Longmire called since https://residence-inn.marriott.com did not show any available wheelchair accessible guest rooms.  Longmire was told on the phone that she had to reserve a regular room online and then call to have a wheelchair accessible room assigned to her reservation.

7.     Longmire continues to desire and intends to visit the Defendant's website on an almost daily basis, but continues to be denied full and equal access due to Defendant's failure to comply with the ADA regarding the availability of reservations for accessible accommodations via its website, https://residence-inn.marriott.com.

8.     The Defendant, MARRIOTT INTERNATIONAL, INC., is a foreign corporation registered to do business and, in fact, conducting business in the State of Florida.  Upon information and belief, said defendant (hereinafter referred to as "Marriott") is the owner, lessee and/or operator of the Residence Inn hotels located on Amelia Island and in Minneapolis, Minnesota (hereinafter jointly referred to as "Hotels,") that operate within the United States and, one of which, specifically

operates within the Middle District of Florida.  Defendant is also the owner, lessee and/or operator of the online reservations website at issue, https://residence-inn.marriott.com.

9.     Defendant's Hotels are public accommodations and include places of lodging as defined by the ADA.  Defendant also provides to the public its website, https://residence-inn.marriott.com.  Defendant's website provides access to Defendant's array of services, including information that enables a person to learn what services Defendant has to offer potential customers including descriptions of its amenities and services that enable a user to obtain general information about particular topics and specific information about what Defendant offers, and many other benefits related to these facilities and services.   Defendant's website, https://residence-inn.marriott.com, is a service, privilege, advantage, and accommodation of Defendant's Hotels that is heavily integrated with these Hotels.

10.    All events giving rise to this lawsuit occurred in the Middle District of Florida.

## COUNT I - VIOLATION OF THE ADA

11.    On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its

requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

12.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Hotels owned by Marriott are a place of public accommodation in that they are an "inn, motel, or other place of lodging" operated by a private entity that provides goods and services to the public.

13.     Defendant, Marriott, has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations to the Hotels in derogation of 42 U.S.C §12182(a).

14.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently

than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden". 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a). "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii).

15.   Defendant's website, https://residence-inn.marriott.com, does not allow individuals with disabilities to make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms in contravention of 28 CFR 36.302(e)(1)(i).

16. Defendants website, https://residence-inn.marriott.com, does not identify and describe accessible features in its guest rooms offered through its online reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given guest room meets his or her accessibility needs in contravention of 28 CFR 36.302(e)(1)(ii).

17. When making online reservations for accessible accommodations, Defendant has not taken any steps to ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type, in contravention of 28 CFR 36.302(e)(1)(iii).

18. When making reservations via Defendant's website, https://residence-inn.marriott.com, Defendant does not guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others, in contravention of 28 CFR 36.302(e)(1)(v).

19. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Hotels owned by MARRIOTT. Prior to the filing of this lawsuit, Plaintiff personally visited the Hotels at issue in this lawsuit, both in person and via its website, https://residence-

inn.marriott.com, and has called its telephone reservation line, and was denied full and equal access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access that continue to exist.

20.   In addition, Plaintiff continues to desire and intends to book accessible accommodations on https://residence-inn.marriott.com, but continues to be injured in that she is unable to do so in the same manner as those who do not require accessible accommodations and continues to be discriminated against due to the barriers to access in Defendant's reservations system and with regard to its website, https://residence-inn.marriott.com, which remain at the Hotels in violation of the ADA.   Longmire has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

21.   To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

22.   Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* in that:  Defendant has constructed a website that is

inaccessible to Plaintiff in that it does not serve customers who require accessible accommodations; maintains the website in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause, which were explicitly outlined in the 2010 amendments to the ADA in 28 CFR 36.301(e)(1)(i)-(v).

23.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, MARRIOTT was required to make its Hotels, places of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, Marriott has failed to comply with this mandate.

24.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.   Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Marriott pursuant to 42 U.S.C. §12205.

25.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Marriott and requests the following injunctive and declaratory relief:

A.    That the Court declare that the website, https://residence-inn.marriott.com, owned and administered by Defendant is violative of the ADA;

B.    That the Court enter an Order directing Defendant to alter its website, https://residence-inn.marriott.com, and its reservations system to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 13th day of August, 2019

Respectfully submitted,

By:  ___/s/ Gene Zweben_____
         Gene Zweben, Esq.
         FL Bar No.:0088919
         Zweben Law Group, PA
         532 Colorado Ave.
         Stuart, FL 34994
         Telephone:   772-223-5454
         Email: gene@zwebenlawgroup.com